UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STEWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00440-WTL-MJD |
| | ) | |
| THOMAS R. KANE, ACTING DIRECTOR, | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Addressing Filing Fee,
Screening Complaint,
and Directing Service of Process**

## I. Background

Plaintiff Christopher Steward, an inmate confined at the Federal Minimum Security Camp in Terre Haute, Indiana, commenced this action on September 18, 2017, pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, 706. He names prison Thomas R. Kane, Acting Director of the Federal Bureau of Prisons, and the Bureau of Prisons as defendants.

## II. Filing Fee

No filing fee was paid with the complaint. Plaintiff shall have **through October 26, 2017,** in which to either pay the $400.00 filing fee or demonstrate his financial ability to do so. If plaintiff seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on September 18, 2017. Failure to take either action by this deadline may result in the dismissal of the action for failure to prosecute.

## III.  Screening of the Complaint

A. Legal Standard

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

B. Analysis

Plaintiff alleges that the Bureau of Prisons ("BOP") has denied him placement into a halfway house, home confinement, or "RRC" to which he alleges he is entitled, 18 U.S.C. § 3621(b), and that he has been denied individual review in violation of 18 U.S.C. § 3624(c) (the "Second Chance Act"). He seeks injunctive relief in the form of the Court ordering the BOP to evaluate his circumstances in accordance with these statutes and applicable guidelines and that he be granted the maximum amount of time in this type of confinement. *See Richmond v. Scibana,* 387 F.3d 602 (7th Cir. 2004) ("challenges to rules that affect placement in community confinement" are properly brought under the APA after administrative remedies have been exhausted).

The Director of the BOP, in his official capacity, appears to be the only appropriate defendant against whom to pursue this claim under the APA. 18 U.S.C. § 3624(c). The Bureau of Prisons is therefore **dismissed** from this action. Accordingly, the **clerk is directed to update the docket** by removing the Bureau of Prisons as a defendant.

Plaintiff's APA claim against the Director of the Bureau of Prisons shall proceed as presented. No other viable claims have been identified by the Court. If plaintiff believes that additional claims or defendants were alleged in the complaint but not identified by the Court, he

shall have **through October 26, 2017,** in which to identify those claims or defendants and notify the Court.

## IV. Service of Process

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to Thomas R. Kane, Acting Director of the Federal Bureau of Prisons. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint (Dkt. No. 1), filed on September 18, 2017, and a copy of this Entry on defendant and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date:  9/21/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Steward
18319-033
Federal Minimum Security Camp
4700 Bureau Road
Terre Haute, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204